IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY RAY YAWN, JR., #285063, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-536-RAH |
| ) | (WO) |
| OFFICER W. TODD, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Larry Ray Yawn, Jr. In the instant complaint, Yawn challenges the use of force by defendant Todd on January 5, 2020 at the Kilby Correctional Facility. Doc. 1 at 3.

The defendant filed a special report supported by relevant evidentiary materials, including an affidavit, photographs and prison records, in which he addresses the claim for relief presented by Yawn. Specifically, the defendant denies using force against Yawn.

Upon review of the defendant's report and supporting evidentiary materials, the court entered an order directing Yawn to file a response to the defendant's written report. Doc. 22. The order advised Yawn that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 22 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in a Recommendation that this case be dismissed. Doc. 22 at 1 (emphasis in original). The time allotted Yawn for filing a response in compliance with the directives of this order expired on December 4, 2020.

Doc. 22 at 1.  As of the present date, Yawn has failed to file a response in opposition to the defendant's written report.  In light of Yawn's failure to file a requisite response to the written report of the defendant, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).   After such review, it is clear that dismissal of this case is the proper course of action.  Specifically, Yawn is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, his inaction in the face of the defendant's report and this court's order suggests a loss of interest in the continued prosecution of this case.  Finally, it likewise appears that any additional effort by this court to secure Yawn's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes the abandonment of this case by Yawn and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory

litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **January 19, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of January, 2021.

/s/     Charles S. Coody
UNITED STATES MAGISTRATE JUDGE